UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLISON FRAMING, INC.,

NO. CIV. S-11-0122 LKK/DAD

        Plaintiff,

   v.

O R D E R

ZURICH AMERICAN INSURANCE
COMPANY,

        Defendant.

_____/

    On March 4, 2011, the court ordered counsel for plaintiff to show cause why sanctions, including a fine of $150 and/or dismissal of the case, should not issue for failure to timely file an opposition or statement of non-opposition to defendants' motion to dismiss. See Doc. No. 8. Counsel responded to the order to show cause on March 11, 2011.[1] See Doc. No. 9. Counsel states that he failed to file an opposition or statement of non-opposition because

---

[1] Plaintiff filed a single document opposing the motion to compel arbitration and responding to the order to show cause. The court only decides whether plaintiff should be sanctioned in this order.

1

to do so for "a strategically inconsequential matter was not cost effective[] . . . ." Response at 3. For this reason, plaintiff's counsel decided that it was not necessary for him to oppose the motion. He further explained that he did not file a statement of non-opposition because he "did not want to give the Court the misimpression [sic] that [plaintiff] had *no* reservation or no opposition in principle to the motion." Id. at 4 (emphasis in original). He contends that "the lack of a statement of non-opposition [is] technically and practically benign." Id. Counsel continued to express his mistaken belief that, "[T]he Eastern District does not deem a lack of filing an opposition as 'consent' to the granting of the motion . . . ." Id.; see L.R. 230(c) ("No party will be entitled to be heard in opposition to a motion at oral argument[] if opposition to the motion has not been timely filed by that party."). In essence, counsel's argument is that he should not be sanctioned because it is better to waste the court's resources than for him to waste his time complying with Local Rules.

No good cause shown, the court hereby ORDERS that counsel for plaintiff is SANCTIONED in the amount of one hundred and fifty ($150.00) dollars. This sum shall be paid to the Clerk of the Court no later than thirty (30) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client

1  as attorneys' fees or costs.

2      The motion to compel arbitration will be decided after the

3  hearing set for March 28, 2011.

4      IT IS SO ORDERED.

5      DATED:  March 15, 2011.

6

7

8                          _____
                           LAWRENCE K. KARLTON
9                          SENIOR JUDGE
                           UNITED STATES DISTRICT COURT
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3