UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELLISON FRAMING, INC.,

        Plaintiff,

    v.

ZURICH AMERICAN INSURANCE COMPANY,

        Defendant.
_____/

NO. CIV. S-11-0122 LKK/DAD

O R D E R

Plaintiff Ellison Framing Inc. ("Ellison") brings an action for declaratory and injunctive relief as well as compensatory damages against Zurich American Insurance Company ("Zurich"), a corporation that provided plaintiff with Workers Compensation Insurance. Zurich has moved to stay the action and compel arbitration pursuant to an arbitration provision in the insurance deductible agreements between the parties and the Federal Arbitration Act. For the reasons described below defendant's motion is granted.

////

**I.  BACKGROUND**

Plaintiff Ellison is a California corporation that, through its insurance broker, purchased and renewed Workers Compensation insurance from defendant Zurich from March 2003 through March 2007. Ellison's operations are apparently located entirely within California. According to plaintiff, on November 15, 2010, Ellison filed a complaint with the California Department of Insurance claiming that it had been overcharged $195,000.00 in improper fees by Zurich. In December of 2010, Zurich made a demand for arbitration with the American Arbitration Association, alleging that Ellison owes it $569,640.97 in unpaid deductibles, pursuant to deductible agreements entered into by the parties.

The deductible agreements state in section "O" that "[a]ny dispute arising out of the interpretation, performance or alleged breach of this agreement, shall be settled by binding arbitration administered by the American Arbitration Association (AAA) under its Commercial Arbitration Rules . . . ." Dow Decl., Doc. No. 6-2 at 15 (Jan. 28, 2011). Section "O" additionally requires that written notice requesting arbitration be sent by the initiating party, and states that "[u]nless the parties under this Agreement agree otherwise, arbitration shall take place in Schaumburg, Illinois." Schaumburg is Zurich's principal place of business. Id. at 15-16. During a conference call in preparation for the arbitration hearing, the AAA determined that the arbitration would be conducted in Schaumburg, despite objections to the venue raised by Ellison. Dow Decl., Doc. No. 6-5 at 15 (Jan. 28, 2011). The

AAA's written confirmation of the decision cites only the venue provision in the parties' agreement in support of its decision. Id.

Ellison responded by filing suit in the California Superior Court on January 6, 2011, seeking declaratory and injunctive relief on the grounds that the venue provision of the arbitration agreement is unconscionable. Compl., Ex. 2, Doc. No. 1 at 14, 18 (Jan. 13, 2011). Ellison's complaint also requests compensatory damages under a claim of "FRAUD/DECEIT/BAD FAITH-DAMAGES" due to $195,000 that Ellison claims were charged according to a fictitious "cost containment" scheme by Zurich. Id. at 19. On January 13, 2011, defendant removed the action to this court on the basis of diversity jurisdiction. Id. at 1. On January 28, 2011, Zurich submitted a motion to stay the action and compel arbitration. Doc. No. 5 (Jan. 28, 2011). Zurich has not filed an answer to the complaint.

## II. STANDARD FOR A MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

A party to an arbitration agreement may move to compel arbitration when the other party "unequivocally refuses to arbitrate, either by failing to comply with an arbitration demand or by otherwise unambiguously manifesting an intention not to arbitrate." Paine Webber, Inc. v. Faragalli, 61 F.3d 1063, 1066 (3d Cir. 1995); 9 U.S.C. § 4. The motion to compel must be supported by an independent basis for federal subject-matter jurisdiction under Title 28 to be brought in federal court, such as diversity of citizenship. Southland Corp. v. Keating, 465 U.S. 1, 15 (1984).

Once these requirements are met, and if the court is satisfied that the agreement covers the dispute in question and a valid agreement to arbitrate exists, the court must issue an order directing the matter to arbitration. 9 U.S.C. § 4; see also Chiron Corp v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (The court's role is limited to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the dispute at issue.).

Section 3 of the Federal Arbitration Act ("FAA") provides that if a court determines that an agreement is subject to arbitration, it will stay litigation:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . upon being satisfied that the issue involved . . . is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had . . . .

9 U.S.C. § 3.

### III. ANALYSIS

**A.  The AAA's decision as to venue may not be reversed because the AAA met minimum standards of fair dealing.**

Defendant argues that the court should not overturn the venue decision already rendered by the AAA. Mot., Doc. No. 5 at 5 (Jan. 28, 2011). The law permits only limited judicial scrutiny of an arbitration award. Aerojet-General Corp. v. American Arbitration Ass'n, 478 F.2d 248, 252 (9th Cir. 1973). "An arbitration award must be upheld unless it be shown that

4

there was partiality on the part of an arbitrator, or that the arbitrator exceeded his authority, or that the award was rendered in 'manifest disregard of the law.'" Id. (citations omitted). Manifest disregard of the law is something beyond mere error of law. Thompson v. Tega-Rand International, 740 F.2d 762, 763 (9th Cir. 1984).

In Aerojet-General Corp., the Ninth Circuit extended this standard to venue decisions rendered prior to a final arbitration award. Aerojet-General Corp., 478 F.2d at 252. The court found this necessary to avoid frustrating the purpose of arbitration, which is the speedy disposition of disputes. Id. at 251. The venue decision was upheld in Aerojet-General Corp. because the contract expressly provided that the AAA would select the locale for the arbitration. Id. at 252 n.3. In the instant case, the parties' contract expressly provides that arbitration will occur in Schaumburg, Illinois (Dow Decl., Doc. No. 6-2 at 16 (Jan. 28, 2011)), the location selected by AAA during the parties' conference call. Dow Decl., Doc. No. 6-5 at 15 (Jan. 28, 2011).

The arbitration provision at issue in this case states that "[a]ny dispute arising out of the interpretation, performance or alleged breach of this agreement" is subject to arbitration. Based on this broad language, the venue provision within the agreement is subject to arbitration. Accordingly, the AAA's determination as to venue was within the scope of arbitrable issues pursuant to the agreement. Plaintiff has not argued that

the AAA's venue decision exceeded the scope of its authority under the agreement, or that the parties did not agree to allow the arbitrator to make a venue decision. Further, plaintiff does not claim and presents no evidence in support of a contention that the AAA's venue decision violated the standards of fair dealing noted above. The court, therefore, lacks the authority to overturn the AAA's decision.

**B. The court declines to invalidate the arbitration agreement as unconscionable.**

The district court has a duty to determine whether an arbitration agreement is itself invalid. Nagrampa v. Mailcoups. Inc., 469 F.3d 1257, 1264 (9th Cir. 2006). Plaintiff urges the court to invalidate the venue clause of the arbitration agreement as unconscionable because it is "financially unfeasible" and designed to give Zurich an advantage or to default its small business customers. Compl., Ex. 2, Doc. No. 1 at 3 (Jan. 13, 2011). In California, the prevailing view is that both procedural and substantive unconscionability must be present in order for the court to invalidate a contract. Armendariz v. Found. Health Psychcare Serv. Inc., 24 Cal. 4th 83, 114 (2000).[1] Where a weaker party signs an arbitration

---

[1] Although a choice of law provision in the agreement appears to provide that disputes are governed by New York law, Dow Declaration, Doc. No. 6-2 at 17 (Jan. 28, 2011), both parties have cited California law in their papers. Motion, Doc. No. 5 at 11 (Jan. 28, 2011); Opp'n, Doc. No. 9 at 6 (Mar. 11, 2011). It appears to this court that the parties have by their conduct waived the New York law provision. See Nagrampa, 469 F.3d at 1296 n.4. For the first time in its reply memoranda, Zurich disputes Ellison's

6

agreement within a contract of adhesion, the court may find that the agreement to arbitrate is procedurally unconscionable. Discover Bank v. Super. Ct., 36 Cal. 4th 148, 160 (2005).

Plaintiff asserts that the forum clause is part of a "standardized agreement drafted by a party in a superior bargaining position." Opp'n, Doc. No. 9 at 4 (Mar. 11, 2011). Defendant, however, provided the court with evidence that the terms of the deductible agreements were actively negotiated by the parties. Mot., Doc. No. 5 at 8 (Jan. 28, 2011). As Ellison has not provided the court with evidence of Zurich's superior bargaining position or of the adhesive nature of the agreement other than these bare assertions, the court finds that the negotiations lacked procedural unconscionability.

In sum, plaintiff's proof of substantive unconscionability is lacking. Plaintiff asserts that the venue agreement is unconscionable because plaintiff will be unable to preserve its claim against the venue provision and, as such, the claim would be rendered moot if plaintiff participates in the arbitration. Plaintiff's assertion is circular, and the law does not support its view. The rule of law raised by plaintiff is intended to preclude parties from using "procedural gamesmanship" by participating in arbitration, and later raising objections to

---

unconscionability argument by raising the choice of law provision. Reply, Doc. No. 11 at 4 (Mar. 21, 2011). The court typically cannot consider arguments first raised in reply. Here, the court need determine whether the argument was properly raised because, even under California law, the court finds that defendant's motion should be granted.

7

arbitration only when unsuccessful in the proceedings. <u>Moncharsh v. Heily & Blase</u>, 3 Cal. 4th 1, 30 (1992). For example, in the case cited by Ellison, the court found that the plaintiff had not waived its claims against the arbitration provision even though the plaintiff participated in proceedings, in large part because plaintiff had raised objections before and during the proceedings. <u>Bayscene Resident Negotiators v. Bayscene Mobile Home Park,</u> 15 Cal. App. 4th 119, 129 (1993). In the present case, the plaintiff has already objected to the venue provision, and may further preserve its right by raising these claims before the arbitrator. There is, therefore, no threat to plaintiff's claim in compelling arbitration.

Plaintiff also asserts that arbitration in Illinois is financially unfeasible. However, plaintiff has not provided any evidence of this and, thus, the court cannot not find in its favor on this point.

Finally, unless a party presents a challenge to the arbitration clause itself, the validity of the agreement, including a claim that it is unconscionable is considered by the arbitrator and not the court. <u>Nagrampa</u>, 469 F.3d at 1268. Here, the complaint challenges not the arbitration provision, but a venue clause within the provision. Since the arbitratability of the agreement is not challenged, it is appropriate for the arbitrator to determine whether the venue clause is unconscionable. For the foregoing reasons, the court determines the venue provision does not preclude the court from granting

8

defendant's motion.

### C. Plaintiff's claim for fraud falls within the scope of arbitration.

Defendant asserts that plaintiff's claim for fraud must be arbitrated. Mot., Doc. No. 5 at 10 (Jan. 28, 2011). The court's role under the Federal Arbitration Act is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000). The arbitration agreement, the validity of which is not challenged, encompasses "[a]ny dispute arising out of the interpretation, performance or alleged breach of [the deductible] agreement." Dow Decl., Doc. No. 6 at 15 (Jan. 28, 2011). It appears to the court that plaintiff's claim against Zurich's "cost containment" fees falls within the scope of the deductible agreement and is, thus, subject to arbitration. Ellison has not contested defendant's assertion to that effect. The court finds that this claim is arbitrable.

### D. The court uses its discretion to permit Zurich to file a motion to stay in lieu of an answer to the complaint.

Plaintiff claims that Zurich is precluded from seeking the relief it requests because Zurich has not yet filed an answer to the complaint. Under Fed. R. Civ. P. 81(c)(2), "[A] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of

9

these periods: [ ¶ ] (A) 21 days after receiving - through service or otherwise - a copy of the initial pleadings stating the claim for relief; [ ¶ ] (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or [ ¶ ] (C) 7 days after the notice of removal is filed." Here, defendant filed its motion to compel arbitration and stay proceedings within this time frame, but has not yet filed an answer. In its motion, defendant did, however, specifically request that the court stay its obligation to answer.

A motion to stay is not expressly included in the list of defenses that extend the amount of time necessary to file an answer to a complaint. Federal Rules. Fed. R. Civ. P. 12(b). However, federal courts have authority to hear "certain pre-answer motions that are not expressly provided for by the rules." Ritza v. Int'l Longshoremen's and Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The court's authority to hear "motions to stay and motions to dismiss because another action is pending" lies in the "inherent power of a court to regulate actions pending before it." 5 C. Wright & A. Miller Federal Practice and Procedure § 1360 (3d ed. & Supp. 2010). Several district courts have permitted a party to file a motion to stay in lieu of an answer. See Green Tree Financial Corp.- Alabama v. Randolph, 531 U.S. 79, 83 (2000) (raising no concern that the petitioners filed a motion to stay in lieu of an answer at the district court level); Drescher v. Baby It's You, LLC, 2010 WL

10

3610134, *1 (E.D. Wisc. Sept. 13, 2010) (motion to stay filed in lieu of an answer); <u>DeGraziano v. Verizon Communications, Inc.</u>, 325 F. Supp. 2d 238, 244 (E.D.N.Y. 2004) (same); <u>Applied Materials Inc. v. Semiconductor Spares, Inc.</u>, 1995 WL 261451, *1 (N.D. Cal. April 26, 1995) (same); <u>Smith v. Pay-fone Systems, Inc.</u>, 627 F. Supp. 121, 122-23 (N.D. Ga. 1985) (denying motion for default judgment when defendant filed a late motion to stay in lieu of an answer).

Plaintiff has not filed a motion for default. Because the federal policy favors resolution of disputes on the merits over default judgment, the court employs its discretion to permit defendant to file its motion for a stay in lieu of an answer. <u>Smith v. Pay-fone Systems, Inc.</u>, 627 F. Supp. at 123.

### E. Zurich has not waived its right to seek relief.

Plaintiff asserts that Zurich is required to enter a special appearance in order to seek its stay of the action, because by removing the case defendant is "submitting to this Court's jurisdiction." Opp'n, Doc. No. 9 at 7 (Mar. 11, 2011). Plaintiff cites no law in support of this assertion. To the contrary, in the Supreme Court decision cited by the plaintiff under this point heading, the district court considered a motion to stay similar to the one before the court here. See <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395 (1967). No special appearance seems to have been entered in that case, and the Supreme Court affirmed the district court's grant of defendant's motion. <u>Id.</u> at 400. This court therefore finds the

11

plaintiff's assertion is unsupported and find no waiver on the part of the defendant.

### IV. CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to stay the instant action and compel arbitration (Doc. No. 5).

The Clerk of Court is instructed to ADMINISTRATIVELY CLOSE this case. Plaintiff is instructed to inform the court to re-open the case within fourteen (14) days of the completion of arbitration.

IT IS SO ORDERED.

DATED: April 4, 2011.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT